OPINION OF THE JUSTICES OF THE SUPREME COURT REN-
DERED TO THE GOVERNOR, *in re* ASSESSMENT
OF WOMEN FOR POLL TAX.

MARCH 5, 1920.

*(1)  Constitutional Law.  Taxation.  Poll Taxes.  Women Voters.*

Women who, if registered, would be entitled to vote for electors of president and vice-president of the United States are not liable for assessment for poll taxes.

SUPREME COURT.

March 5, 1920.

*To His Excellency R. Livingston Beeckman, Governor of the State of Rhode Island and Providence Plantations:*

We have received from Your Excellency a request for our written opinion upon the following questions, viz.:

"1.  Are women, who, if registered, would be entitled to vote for electors of president and vice-president of the United States under the provisions of Chapter 1507 of the

Public Laws, passed at the January session, A. D. 1917, liable for assessment for poll taxes in the year A. D. 1920, under the provisions of Section 2, Article VII of the amendments to the Constitution of Rhode Island, and Chapter 59 of the General Laws as amended by Chapter 1091 of the Public Laws, passed at the January session, A. D. 1914?

"2. Are such women liable for assessment for such poll taxes annually thereafter?"

The court answers the above questions as follows:

1. The first question we answer in the negative.
2. The second question we answer in the negative.

Section 1 of Article VII of the Amendments of the Constitution of Rhode Island provides that the registered voter who has duly registered "shall have a right to vote in the election of all civil officers and on all questions in all legally organized town or ward meetings" with the exception that such voter shall not be allowed "to vote in the election of the city council of any city, or upon any proposition to impose a tax or for the expenditure of money in any town or city."

Section 2 of said article requires each city and town to assess annually "every person who, if registered, would be qualified to vote," as a registry voter, "a tax of one dollar, or such sum as with his other taxes shall amount to one dollar."

After the adoption of said Article VII it was no longer necessary for the registry voter, as a condition precedent to the right to vote, to first pay a registry tax or have the same remitted. Said Section 1 gave the right to vote as a registry voter to "Every male citizen of the United States of the age of twenty-one years," having the necessary residence in this State and in the town or city in which he may offer to vote, providing such male citizen duly registers for the purpose of voting in such city or town. Said Section 1 confers upon said male citizens the right to vote as registry voters, and said Section 2 requires that a tax be assessed

upon the same male citizens mentioned in said Section 1, who if duly registered would be entitled to vote as registry voters.

The language of said Section 2 is, "The assessors of each town and city shall annually assess upon every person who, if registered, would be qualified to vote, a tax of one dollar," &c. The phrase "every person" is qualified by the language "who, if registered, would be qualified to vote." The phrase "every person" as qualified means "Every male citizen of the United States of the age of twenty-one years, who has had his residence and home in this state for two years, and in the town or city in which he may offer to vote six months next preceding the time of his voting." Said Section 2 authorizes the assessors to assess a poll tax upon no person except those upon whom said Section 1 confers the constitutional right to vote as registry voters, providing such persons duly register. Women who, if registered, would be entitled to vote for electors of president and vice-president of the United States are not voters within the meaning of Article VII of the Amendments of the Constitution of Rhode Island.

It is clear that Article VII of the Amendments to the Constitution of Rhode Island confers no authority for assessing a poll tax upon women who, if registered, would be entitled to vote for electors of president and vice-president of the United States.

No authority can be derived for assessing a poll tax upon such women from Chapter 59 of the General Laws of 1909 as amended by Chapter 1091 of the Public Laws of 1914.

Section 1 of said Chapter 59 is as follows: "Section 1. The assessors of taxes of each town and city shall, at the time of the annual assessment of town and city taxes therein, respectively, assess against every person in said town or city, who if registered, would be qualified to vote, a tax of one dollar, or so much thereof as with other taxes shall amount to one dollar."

It is interesting to note how closely said Section 1 of Chapter 59 follows the language of Section 2 of Article VII of the Amendments to the Constitution of Rhode Island. Said Chapter 59 simply provides for the assessment, collection and remission of the tax required by Section 2 of said Article VII. In other words, said Chapter 59 provides only for carrying into effect Section 2 of said amendment to the Constitution of Rhode Island.

Said Chapter 1091 amends said Chapter 59 only to the extent of requiring an assessment of a poll tax "to be applied to same purpose against every other male person of the age of twenty-one years or over, who is not a citizen of the United States, and who has had his residence in said town or city for six months next preceding such assessment."

> WILLIAM H. SWEETLAND,
> WALTER B. VINCENT,
> CHARLES F. STEARNS,
> ELMER J. RATHBUN,
> JOHN W. SWEENEY.